UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | No. 2:08-CR-36-DCR |
| | ) | No. 2:10-CV-7117-DCR |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ABRAHAM SANCHEZ MOSTRANZO, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 7, 2010,[1] Defendant/Movant Abraham Sanchez Mostranzo moved pro se for relief under 28 U.S.C. § 2255. *See* DE #86 (Motion to Vacate); DE #86-1 (Supporting Memorandum). The United States responded in opposition on June 25, 2010. *See* DE #92 (Response in Opposition). Sanchez Mostranzo submitted a late reply, by leave of the Court, on July 28, 2010.[2] *See* DE #95 (Reply); DE #96 (Order granting leave). Defendant/Movant subsequently sought expedited consideration and a hearing, *see* DE #97 (Motion to Expedite), and the Court denied that motion. *See* DE #98 (Order).

Having now considered the full record, and for the reasons articulated herein, the Court **RECOMMENDS** that the District Judge **DENY** section 2255 relief as to the sole ground raised by Sanchez Mostranzo. Additionally, the District Court should not grant a Certificate of

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). The Court takes the date from the postmark on the original envelope. *See* DE #86-2 (Envelope).

[2] This filing date also reflects the prison mailbox rule. *See Richard*, 290 F.3d at 812-13. Defendant/Movant identified this date in the Certificate of Service. *See* DE #95 at 6.

1

Appealability.

**I. BACKGROUND**

On May 14, 2008, the Grand Jury indicted Sanchez Mostranzo on two counts: illegal transport of aliens under 8 U.S.C. § 1324(a) and aggravated identity theft under 18 U.S.C. § 1028A. *See* DE #14 (Indictment). Just over four months later, on August 18, 2008, Defendant/Movant moved for rearraignment. *See* DE #75 (First Motion for Rearraignment).

On August 22, 2008, Sanchez Mostranzo pled guilty to both counts of the Indictment. *See* DE #77 (Minute Entry); DE #90 (Transcript of Rearraignment) ("Tr."). The underlying plea agreement included a waiver of the right to appeal and attack collaterally the guilty plea, conviction, and sentence, unless the ultimate sentence exceeded the "high end of the guideline recommendation as finally determined by the Court." *See* DE #84 (Plea Agreement) at ¶ 8. On December 23, 2008, District Judge Reeves sentenced Defendant/Movant to ten months incarceration on Count One and 24 months on Count Two, with the terms to be served consecutively; the sentence included two years supervised release on Count One and one year on Count Two, with the terms to run concurrently. *See* DE #85 (Judgment); DE #91 (Transcript of Sentencing) ("Sent Tr."). The District Judge ultimately calculated the guideline range at eight to fourteen months on Count One and a statutory mandatory term of two years on Count Two, *see* Sent Tr. 4 at lns. 14-21; *id.* 5 at lns. 17-23; *id.* 6 at lns. 7-14, and neither party objected to this within-range calculation. *See, e.g.*, *id.* 6 at lns. 1-5 (gratefulness for United States's motion for a three-level decrease, which Judge Reeves sustained).

Sanchez Mostranzo filed no direct appeal. However, on April 7, 2010, Defendant/Movant submitted the instant section 2255 motion. *See* DE #86. The motion argues that, under the United

States Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), Sanchez Mostranzo was actually innocent of aggravated identity theft and that the Court should vacate his conviction on that count.³ *See id.* at 4.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the Movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, the Movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, Movant bears the burden of proving his or her contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set

---

³ The Supreme Court issued *Flores-Figueroa* on May 4, 2009. Under section 2255(f), as relevant to Sanchez Mostranzo's motion, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *See* 28 U.S.C. § 2255(f). Under this statute, at the initial review stage, the Court considered Defendant/Movant's section 2255 motion to be timely, pending Sanchez Mostranzo's ultimate establishment of the particular right and retroactivity under *Flores-Figueroa*.
  For reasons detailed later in this Recommended Disposition, the Court need not address timeliness further because Sanchez Mostranzo's motion clearly fails on other dispositive grounds.

3

aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

A reviewing court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact .'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court additionally recognizes the pro se status of Sanchez Mostranzo. Pro se motions receive a comparatively lenient construction by the Court. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

**III. ANALYSIS**

Sanchez Mostranzo contends that *Flores-Figueroa* established a new right to be retroactively applied here, resulting in habeas relief. *See* DE #86 at 4; DE #86-1 at 3-6. According to Defendant/Movant, *Flores-Figueroa* renders him actually innocent of the crime. *See id.* In response, the United States asserts that, even if *Flores-Figueroa* created a new and retroactive right, Sanchez Mostranzo would see no section 2255 relief because he waived his right to seek collateral relief and procedurally defaulted the claim. *See* DE #92. Defendant/Movant replied to advocate against the United States's effort to enforce the plea

agreement waiver and to reinforce his actual innocence contention. *See* DE #95.

The Court recommends that the section 2255 motion be denied because (1) the waiver is enforceable and denies Sanchez Mostranzo, by his own agreement, the opportunity to bring the instant claim and (2) Defendant/Movant does not establish actual innocence, based largely on his own sworn admissions at rearraignment, as a means of avoiding procedural default. Put simply, Sanchez Mostranzo waived his claim at the outset, and even if the claim were not waived, it is procedurally defaulted.

As an initial matter, the Court need not reach whether *Flores-Figueroa* applies retroactively.[4] In that case, the Supreme Court addressed the aggravated identity theft statute, 18

---

[4] In *Bousley v. United States*, the Supreme Court addressed substantive and procedural retroactivity in the habeas context:

> This distinction between substance and procedure is an important one in the habeas context. The *Teague* doctrine is founded on the notion that one of the "principal functions of habeas corpus [is] 'to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted.'" 109 S. Ct. at 1076 (quoting *Desist v. United States*, 89 S. Ct. 1030, 1040-1041 (1969)). Consequently, unless a new rule of criminal procedure is of such a nature that "without [it] the likelihood of an accurate conviction is seriously diminished," 109 S. Ct. at 1077, there is no reason to apply the rule retroactively on habeas review. By contrast, decisions of this Court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct "'beyond the power of the criminal law-making authority to proscribe,'" *id.* at 1075 (quoting supra, 91 S. Ct. at 1164), necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal." *Davis v. United States*, 94 S. Ct. 2298, 2305 (1974). For under our federal system it is only Congress, and not the courts, which can make conduct criminal. *United States v. Lanier*, 117 S. Ct. 1219, 1226 n.6 (1997); *United States v. Hudson*, 3 L.Ed. 259 (1812).

*See id.* at 1610 (parallel citations omitted). Statutory construction cases, such as *Flores-Figueroa*, that "narrow the scope of a criminal statute by interpreting its terms" generally are treated as new substantive rules that apply retroactively. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2522 (2004).

U.S.C. § 1028A, determining that subsection (a)(1) requires the Government to prove that a defendant knew that the "means of identification" unlawfully transferred, possessed, or used belonged to "another person." *See Flores-Figueroa*, 129 S. Ct. at 1888. Even if the Court assumed here, *arguendo*, that *Flores-Figueroa* applies retroactively, the section 2255 motion would yield no relief because waiver and procedural default bar Sanchez Mostranzo's claim.

A. Waiver

Defendant/Movant does not attack the validity of his waiver, and the Court finds the waiver enforceable. When section 2255 motions do not articulate a basis for attacking the validity of a waiver or plea, the Sixth Circuit has upheld collateral-attack waivers if otherwise knowing and voluntary. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding a movant's arguments, other than ineffective assistance and jurisdictional arguments, waived by a plea agreement); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that a defendant waived his right to bring a section 2255 petition based on ineffective assistance of counsel not relating to the plea agreement). Only challenges to the validity of a

---

The United States suggests that district courts appear split nationally as to retroactive application of *Flores-Figueroa* and that the Sixth Circuit has not yet decided the issue. *See* DE #92 at 6 (citing *Culver v. United States*, No. 2:09-CV-728/2:07-CR-263, 2010 WL 1629680, at *3 n.2 (S.D. Ohio Apr. 21, 2010) (slip copy)). Notably, the *Culver* court never reached a retroactivity analysis because the Government agreed that the petitioner's sentence should be vacated as to the count at issue. To date, no federal court in the Sixth Circuit appears to have reached a retroactivity analysis as to *Flores-Figueroa*. *See, e.g.*, *United States v. Sedano-Hernandez*, No. 09-20575, 2010 WL 5211455 (E.D. Mich. Dec. 16, 2010) (slip copy) (addressing *Flores-Figueroa* argument under 18 U.S.C. § 3582(c)(2) and denying reduction of sentence); *Chavez-Sebastian v. United States*, No. 1:08-CR-37, 2009 WL 2922313 (W.D. Mich. Sept. 9, 2009) (slip copy) (suggesting *Flores-Figueroa* may entitle a movant to file a second section 2255 motion, but refusing to address the issue because the movant only raised that issue in a reply brief). The United States references the Department of Justice position in endorsing retroactive application.

guilty plea cannot generally be waived. *See, e.g.*, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."); *id.* (". . . [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself."); *id.* ("'While we do not hold that [a defendant's] waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver, the question of the degree of his culpability is an issue clearly contemplated by, and subject to, his plea agreement.'") (quoting *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Here, Sanchez Mostranzo seeks to argue the legal requirements and factual basis of his conviction, not the validity of the plea. In fact, Defendant/Movant openly acknowledges entering into the plea agreement, including the waiver provision, and in no way contests the agreement's validity. *See* DE #86-1 at 3.

Sanchez Mostranzo entered into the plea agreement with eyes wide open to the substance of the plea and its implications. The purpose of Rule 11 is to ensure that a defendant's guilty plea is knowing, intelligent, and voluntary, based on a complete record of factors analyzed by the court through interaction with the sworn defendant. *See McCarthy v. United States*, 89 S. Ct. 1166, 1170-71 (1969); *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975).[5] The trial court carefully and deliberately proceeded through the Rule 11 colloquy with Defendant/Movant.

---

[5] Supporting this statement of purpose, the Supreme Court has limited collateral attack on violations of Rule 11. *See, e.g.*, *United States v. Timmreck*, 99 S. Ct. 2085, 2087 (1979) (finding that a Rule 11 violation must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" in order to be appropriate for collateral attack).

*See* Tr. 3-23. This colloquy established Sanchez Mostranzo's plea, including the waiver provision, as knowing, voluntary, and intelligent. Specifically, as to waiver, the colloquy proceeded as follows:

> MR. BRACKE: The defendant is waiving the right to appeal and collaterally attack his guilty plea, conviction, and sentence. The waiver of the right to appeal and collaterally attack the sentence does not apply if he receives a sentence in excess of the high end of the guidelines as finally determined by the Court.
>
> . . .
>
> THE COURT: All right. Thank you, Mr. Bracke.
>      Mr. Mungo, were you able to hear Mr. Bracke as he was going through the plea agreement?
>
> MR. MUNGO: Yes, Your Honor.
>
> THE COURT: Did he accurately summarize it as you understand?
>
> MR. MUNGO: Yes, including the statutory maximums as well.
>
> THE COURT: All right. And let me ask Mr. Sanchez Mostranzo, were you able to hear Mr. Bracke as he was going through your plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did he accurately summarize it as you understand it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Other than what's contained in this plea agreement, has anyone else made any promises to you to induce you or to persuade you to enter into the plea agreement?
>
> THE DEFENDANT: No, sir.

Tr. 10 at lns. 16-21; *id.* 11 at lns. 2-20. Judge Reeves addressed the waiver provision in more detail with Defendant/Movant later in the proceeding:

> THE COURT: There is some waiver language that's contained in your plea agreement. It's not unusual to have this language in a plea agreement, but anytime

> it's present I do need to review it with you. In your case, there are two paragraphs I want to review, paragraphs eight and nine.
>
> Paragraph eight provides that you waive the right to appeal and the right to attack collaterally, which means the right to file a separate lawsuit to challenge, the guilty plea, the conviction, and the sentence, including any order of restitution. However, the waiver of the right to appeal your sentence or to collaterally attack the sentence, which would be to file a separate lawsuit to challenge the sentence, that waiver would not apply if you were to receive a sentence in excess of the high end of the guideline range as finally determined by the Court.
>
> And you understand that you are waiving those rights, but that under certain circumstances you may be able to challenge your sentence? Do you understand that?
>
> THE DEFENDANT: Yes, sir, I do understand.

Tr. 16 at lns. 1-19. The District Judge determined Sanchez Mostranzo to be fully competent and capable of entering an informed plea and determined the plea to be knowing and voluntary and supported by an independent basis in fact. *See* Tr. 23 at lns. 8-16. Significantly, Judge Reeves sentenced Sanchez Mostranzo at less than the high end of the guideline range calculations, so Defendant/Movant has no grounds to seek enforcement via the waiver's exception clause.

The plea agreement itself further conclusively supports denial of section 2255 relief. Courts interpret plea agreements under principles of contract law. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) (citing *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). The waiver provision read as follows:

> The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. The waiver of the right to appeal the sentence and collaterally attack the sentence will not apply if the Defendant receives a sentence in excess of the high end of the guideline recommendation as finally determined by the Court.

*See* DE #84 at ¶ 8. As noted, the District Judge sentenced Sanchez Mostranzo to ten months on

Count One, where the guidelines calculation would have included up to fourteen months. On Count Two, Judge Reeves simply imposed the mandatory term. Defendant bargained for certain concessions and received a sentence reflecting the bargain. Waiver of later collateral attack was part of that bargain. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) (noting enforceability of such provisions as to future changes in existing law). Because Defendant/Movant knowingly, intelligently, and competently made the volitional waiver, the Court must enforce the full bargain reached.

While Defendant/Movant claims a miscarriage of justice would result, the Sixth Circuit recognizes no such exception to waiver enforcement. *See In re Acosta*, 480 F.3d at 422. Sanchez Mostranzo would have had to bargain to retain future claims, as other defendants have done. *See*, *e.g.*, *Colon v. United States*, Nos. 06-CV-778-DRH, 04-CR-30056, 2006 WL 3147705, at *1 (S.D. Ill. Nov. 1, 2006) (unreported) (quoting plea agreement: "Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein . . . ."). The unequivocal instant waiver must be enforced.

B. Procedural Default

Even if Sanchez Mostranzo's claim were not waived, he would still merit no section 2255 relief because of procedural default. A section 2255 motion cannot substitute for a direct appeal. *See Sunal v. Large*, 67 S. Ct. 1588, 1590 (1947) ("[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."); *Peveler v. United States*, 269 F.3d 693,

698-703 (6th Cir. 2001) (analyzing procedural default). To assert a claim not raised on direct review, a defendant ordinarily must show cause for the default and prejudice, or establish actual innocence. *See Bousley v. United States*, 118 S. Ct. 1604, 1611 (1998); *United States v. Frady*, 102 S. Ct. 1584, 1594 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Additionally, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to an analysis under *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Here, Sanchez Mostranzo had notice of the potential procedural default problem, per the Government's response, and asserted actual innocence as a basis for excusing default. As the Supreme Court has noted, "[a] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 113 S. Ct. 853, 862 (1993). However, the actual innocence exception requires factual innocence, "not mere legal insufficiency." *See Bousley*, 118 S. Ct. at 1611. Notably, the Supreme Court, in *Bousley*, also addressed the posture, where a movant who had pled guilty sought subsequently to establish actual innocence. *See id.* at 1611 (referencing "plea colloquy"). Were such a showing ultimately possible here, the Court would consider any proof in the record and whether the parties should be afforded an opportunity to file additional proof. *See id.* at 1611-12 (addressing mechanics in general terms).

In the instant case, such mechanics prove unnecessary because, under the actual innocence standard, Defendant/Movant's contention plainly and conclusively fails, based on his sworn admissions in the Rule 11 colloquy, the corresponding plea agreement, and the absence of

countervailing proof. In *Flores-Figueroa*, the Supreme Court assessed section 1028A(a)(1) as requiring "the Government to show that the defendant knew that the means of identification at issue belonged to another person." *See Flores-Figueroa*, 129 S. Ct. at 1894. Defendant/Movant contends he is actually innocent because there was/is no proof of such knowledge.

By entering into the plea agreement, Sanchez Mostranzo admitted the Government could prove the following facts beyond a reasonable doubt:

> (a) On April 17, 2008, the Defendant was transporting 10 illegal aliens, two of them minors, in Boone County, Kentucky when his vehicle, a Chevy Suburban truck, was stopped by law enforcement officers on a traffic stop.
>
> (b) The Defendant was transporting these individuals, by vehicle, from Arizona to places in Ohio and elsewhere. The Defendant knew the 10 passengers in his vehicle were all present in the United States illegally. Also, he was transporting them for personal financial gain. Most of the occupants were going to pay $1,300 to $1,500 for the ride.
>
> (c) During, and in relation to the transporting activities described above, Mostranzo used an Indiana identification card, **lawfully assigned to another person.** He presented that driver's license to local law enforcement when he was stopped in Boone County.

*See* DE #84 at ¶ 4 (emphasis added). During the Rule 11 colloquy, Defendant/Movant directly addressed the conduct now at issue in his section 2255 motion when he stated under oath: "I transported illegally certain persons and **I used an identity that was not mine**." *See* Tr. 20 at lns. 23-24 (emphasis added). Moreover, Sanchez Mostranzo provided sworn affirmation to the factual summary in the plea agreement:

> THE COURT: There is also a factual statement that's included in your plea agreement. I know you've had a chance to review this with your attorney. **Is the information contained in the factual statement true and correct to the best of your knowledge and belief?**
>
> THE DEFENDANT: **Yes, sir.**

See Tr. 21 at lns. 9-14 (emphases added). Thus, at the Rule 11 colloquy, Sanchez Mostranzo affirmed under oath that the relevant factual statement in the plea agreement – "During, and in relation to the transporting activities described above, Mostranzo used an Indiana identification card, lawfully assigned to another person" – was true and correct.

Defendant/Movant ultimately bears the burden to establish actual innocence, but here, as described, the Rule 11 colloquy actually supports the inference that Sanchez Mostranzo had knowledge that the Indiana identification belonged to another person. In such a posture, he can hardly hope to "demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *See Bousley*, 118 S. Ct. at 1611 (quoting *Schlup v. Delo*, 115 S. Ct. 851, 867-68 (1995) (internal citations omitted)). Sanchez Mostranzo offers no actual evidence or detailed summary of the record, and he cites to no proof either in his original section 2255 motion or his unsworn reply brief. Indeed, Movant simply makes summary statements characterizing the United States as having no proof of the new requisite knowledge. He makes no detailed proffer, tenders no corroborating proof, and makes no specific evidentiary argument – just the negative assertion about the Government's case. The actual innocence burden "at the gateway stage is to demonstrate that more likely than not . . . no reasonable juror would find [movant] guilty beyond a reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006). This standard requires more than Sanchez Mostranzo's self-serving criticisms of the state of the proof.

The plea agreement facts do not compel a knowledge finding, but they support such a finding. Defendant was knowingly transporting illegal aliens. He admits he had an ID not his own. He admits the identification (from Indiana) belonged lawfully to another. This supports that

Sanchez Mostranzo knew at the time that the means of identification belonged to another. Defendant recently had worked in Indiana. *See* DE #90 at 6. Defendant/Movant's **burden** on actual innocence is to show likelihood of acquittal. Relying only on a generic or unverified conclusion surely does not suffice.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

On the instant record, no Certificate of Appealability should issue. In particular, no jurists of reason would debate the procedural rulings in this Recommended Disposition. Sanchez Mostranzo openly acknowledges entering into the waiver that now bars relief, and he further acknowledges making no direct appeal in the case. As to Defendant/Movant's attempt to

establish the narrow actual innocence exception to procedural default, no reasonable jurists would debate that, based on Sanchez Mostranzo's own sworn admissions in the Rule 11 colloquy and plea agreement, and the dearth of record cited by Defendant/Movant, Sanchez Mostranzo cannot credibly make the necessary showing.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant/Movant's motion for section 2255 relief. Because the filings and records establish conclusively that Sanchez Mostranzo should receive no section 2255 relief, the Court need not conduct an evidentiary hearing. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 31st day of January, 2011.



Signed By:
*Robert E. Wier*
United States Magistrate Judge