UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 08-36-DCR |
| | ) | Civil Action No. 2: 10-7117-DCR |
| V. | ) | |
| | ) | |
| ABRAHAM SANCHEZ MOSTRANZO, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **AND ORDER** |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant/Movant Abraham Sanchez Mostranzo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 86] Consistent with local practice, the motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wier filed his Recommended Disposition on January 31, 2011. [Record No. 99] Based on his review of the record and the applicable law, the magistrate judge recommended that Mostranzo's motion be denied. That recommendation is now ripe for review.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with Magistrate Judge Wier's recommendation.

Mostranzo entered a guilty plea to illegal transportation of aliens and aggravated identity theft in violation of 8 U.S.C. § 1324(a) and 18 U.S.C. § 1028A, respectively. On December 23, 2008, he was sentenced to a term of imprisonment of ten months on the Count One, and a twenty-four month term of incarceration on Count Two, to run consecutive to Count One. Additionally, Mostranzo received a term of supervised release of two years on Count One and one year on Count Two with those terms to run concurrently. Mostranzo did not file a direct appeal following imposition of his sentence. However, on April 7, 2010, he filed the present motion seeking relief under 28 U.S.C. § 2255. Mostranzo argued in his motion that he was actually innocent of the aggravated identity theft conviction under the Supreme Court's recent decision in *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009). Thus, he contended that his conviction and sentence under Count Two should be vacated.

After outlining the appropriate standard of review, Magistrate Judge Wier addressed Mostranzo's claim of actual innocence. In relevant part, the magistrate judge recommended that the request for habeas relief be denied on two grounds. First, Magistrate Judge Wier concluded that the waiver provision contained in Mostranzo's Plea Agreement is enforceable and forecloses the defendant's claim for relief. Second, he found that Mostranzo has not established that he is actually innocent, based on his sworn admissions. Thus, the defendant cannot avoid procedural

default of his present claim. Having reviewed the relevant case authority, the undersigned agrees with the magistrate judge's well-reasoned opinion regarding both issues.

Finally, regarding whether a certificate of appealability should issue, the Court concludes that the grounds presented by Mostranzo fail to present a close constitutional issue that reasonable jurists would debate. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). And Mostranzo has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. §2253(c)(2). Accordingly, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Recommended Disposition [Record No. 99] is **ADOPTED** in full and **INCORPORATED** herein by reference.

2. Defendant/Movant Abraham Sanchez Mostranzo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 86] is **DENIED**.

3. A Certificate of Appealability shall not issue because Mostranzo has not made a substantial showing of the denial of any substantive constitutional right.

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 18th day of February, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge